IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMARIUS FERGUSON, ) | |
| ) | |
| Plaintiff, ) | NO. 3:07-0545 |
| ) | JUDGE HAYNES |
| v. ) | |
| ) | |
| GOVERNOR PHIL BREDESEN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Jamarius Ferguson, filed this action under 42 U.S.C. § 1983 against the Defendants: in their individual and official capacities, Phil Bredeson, Governor; Viola Miller, Commissioner of the Department of Children's Services ("DCS"); Steve Hornsby, DCS Deputy Commissioner; Ted Martinez, DCS Executive Director of the Office of Juvenile Justice; and Albert Dawson, DCS Woodland Hills Youth Development Center Superintendent ("Woodland Hills Center"). Plaintiff also named "John Doe" Defendants who are unknown employees at the Woodland Hills Center. Plaintiff's claims are under the Eighth and the Fourteenth Amendments for Defendants' failures to protect him from unsafe environment that subjected him to the infliction of cruel and unusual punishment. Plaintiff also asserts pendent state law claims under the Tennessee Governmental Tort Liability Act. ("TGTLA"). Tenn. Code Ann. § 29-20-101 et seq. Plaintiff's claims arise out of an attack on him on May 21, 2006, while he was in DCS custody at the Woodland Hills Center.

Before the Court is a motion to dismiss (Docket Entry No. 8) on behalf of the Defendants; Bredesen, Miller, Hornsby, Martinez and Dawson contending that Plaintiff's allegations against them are insufficient to state a claim and that they are entitled to qualified immunity. These Defendants also assert that Plaintiff lacks standing for any claim of injunctive relief.

In response, Plaintiff concedes his lack of standing for injunctive relief, but insists that as supervisors of other Defendants, these Defendants can be held liable under § 1983 and that in light of the TGTCA, the Defendants waived any immunity.

## A. Analysis of the Complaint

Plaintiff was attacked by other detainees who had formed a gang and were recruiting members at the Woodland Hills Center. (Docket Entry No. 1, Complaint at ¶¶ 4.3 and 4.4). These gang members would attack any detainee who refused to join their gang. Id. at ¶ 4.3). On May 21, 2006, Plaintiff was awaken from his sleep and was beaten. Id. at ¶ 4.4. Plaintiff suffered serious permanent physical injuries as a result of this attack. (Complaint at p. 5 at ¶ 4.4).

Plaintiff alleges that at the time of the attack, the detainees should have been on lock down and proper monitoring would have prevented the attack and his injuries are a direct result of these Defendants' deliberate indifference to his personal safety and their failure to protect him. Id. at ¶¶ 4.4 and 4.5. According to Plaintiff, the Defendants failed to design and implement appropriate policies and practices to protect detainees from attack by other detainees. Id. at ¶ 4.9. The Defendants' indifference also caused the Defendants to breach their duties under Tennessee law to train their employees "on the requirement[s] of the Constitution and law in protecting the detainees in its custody from being attacked." Plaintiff's TGTLA claims are for the alleged negligence of the Defendants' their employees and agents.

## B. Conclusions of Law

Upon a motion to dismiss, the Court must construe the factual allegations in a light most favorable to the Plaintiff. Boag v. Macdougall, 454 U.S. 364 (1982).

As to Plaintiff's claims against these Defendants in their official capacities, such claims are actually claims against the State that is not a person that be sued in a § 1983 action for damages.

Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). ("Obviously, state officials literally are persons, but a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself").

For individual liability under 42 U.S.C. § 1983, each defendant must be directly involved in the alleged unconstitutional conduct or the complaint must identify their personal involvement. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). In a word, Respondeat superior cannot be relied upon to impose monetary liability on supervisory officials under § 1983. Id. at 373-77. In the Sixth Circuit, Plaintiff's complaint must identify the "causal connection between the misconduct complained of and the official sued." Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). "For a Section 1983 liability, the supervisory official [must] at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).

Here, according to the complaint, these Defendants are sued solely in their capacities as supervisors. Except as to Dawson. Plaintiff's complaint does not allege that any named defendant encouraged the specific misconduct or directly permitted the attack. The complaint does not allege that the named defendants implicitly authorized, approved or knowingly acquiesced in the conduct. The complaint at best alleges insufficient training or control that at best, would state a § 1983 claim against the Defendant Dawson, the superintendent of the Woodland Hills center. Thus, the Court concludes that except for Dawson, the complaint is insufficient to establish personal liability of these individual Defendants for any damages award.

For Plaintiff's TGTLA claims, this Court declines to exercise its personal jurisdiction to entertain these claims. Gregory v. Shelby County, Tennessee, 220 F.3d 433, (6th Cir. 2000);

Fromuth v. Metropolitan Gov't. Of Nashville, Davidson County, Tennessee, 158 F.Supp.2d 787, 789 (M.D. Tenn. 2001); Spurlock v. Whitley, 971 F.Supp. 1166, 1185 (M.D. Tenn. 1997) *aff'd sub. nom* Spurlock v. Satterfield, 167 F.3d 995 (6th Cir. 1999).

Accordingly, for the above stated reasons, except as to the Defendant Dawson, Plaintiff's claims against the Defendants Bredesen, Miller, Hornsby and Martinez should be dismissed.

An appropriate Order is filed herewith.

Entered this the 5th day of March, 2008

William J. Haynes, Jr.
United States District Judge